**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHAKIRAT O. TOMIWA, AND** | § | |
| **OLUFUNMILOLA TOMIWA,** | § | |
| **INDIVIDUALLY AND ON BEHALF** | § | |
| **OF THEIR MINOR CHILDREN,** | § | |
| **L. TOMIWA AND H. TOMIWA** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **PHARMEDIUM SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | **(Jury Trial Demanded)** |

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, Shakirat O. Tomiwa ("Ms. Tomiwa"), Olufunmilola Tomiwa ("Mr. Tomiwa"), L. Tomiwa and H. Tomiwa (collectively referred as "Plaintiffs"), complaining of and about Pharmedium Services, LLC, ("Pharmedium" or "Defendant"), and in support shows as follows:

### I.    INTRODUCTION

1.    This is an action under Title VII of the Civil Rights Act of 1964 as amended, and the Americans with Disabilities Act of 1990, Title 42 U.S.C. Section 12101 et. seq. for Defendant's unlawful employment practices on the basis of sex, pregnancy, and disability. Additionally, Plaintiffs seek relief for Defendant's failure to provide notice of their right to elect

1

continuation coverage upon Ms. Tomiwa's termination, as required and in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

## II.    PARTIES

2.      Plaintiff Shakirat O. Tomiwa resides in Houston, Harris County, Texas. Ms. Tomiwa is a female and is protected by Title VII.   Ms. Tomiwa was at all relevant times an employee of Defendant within the meaning of the applicable statutes.

3.      Plaintiff Olufunmilola Tomiwa resides in Houston, Harris County, Texas. Mr. Tomiwa is Ms. Tomiwa's spouse and he was a qualified beneficiary of Defendant's group health plan provided pursuant to Ms. Tomiwa's employment.

4.      Plaintiff L. Tomiwa is Shakirat and Olufunmilola Tomiwa's minor son. He was a qualified beneficiary of Defendant's group health plan provided pursuant to Ms. Tomiwa's employment.

5.      Plaintiff H. Tomiwa. is Shakirat and Olufunmilola Tomiwa's minor daughter.  H. Tomiwa was born after Ms. Tomiwa was terminated by Defendant but during the continuation coverage period under Defendant's group health plan provided pursuant to Ms. Tomiwa's employment.

6.      Defendant Pharmedium Services, LLC is a Delaware limited liability company conducting business in Texas.   Defendant is an employer within the meaning of the applicable statutes and employs more than five hundred (500) regular employees.

7.      At all relevant times to this action, Pharmedium was the administrator and plan sponsor of the group health plan to which Plaintiffs were qualified beneficiaries until Ms.

Tomiwa's termination. 29 U.S.C. § 1002(16).

### III.    JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this civil action pursuant to 28

U.S.C. § 1331 as it arises under federal law, specifically Title VII of the Civil Rights Act of 1964,

as amended by the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, as

amended, and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by

the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") hereinafter more

fully appear.

9.     This Court has jurisdiction over Defendant Pharmedium because Pharmedium

purposefully availed itself of the privilege of conducting business in the state of Texas and

established minimum contacts sufficient to confer jurisdiction over said Defendant, and the

assumption of jurisdiction over Pharmedium will not offend traditional notions of fair play and

substantial justice and is consistent with the constitutional requirements of due process.

10.     Plaintiffs would show that Defendant Pharmedium had continuous and systematic

contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

11.     The Southern District of Texas is the proper venue for this matter pursuant to 28

U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this

lawsuit occurred in this district. Venue is also proper in this district because Defendant operated

within this judicial district at all relevant times to the events giving rise to this suit.

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.     On October 16, 2015, Ms. Tomiwa filed a charge of discrimination against

Pharmedium with the Equal Employment  Opportunity Commission ("EEOC").  In that Charge

No. 460-2016-00099, Ms. Tomiwa asserted that Defendant discriminated against her because of her sex and disability.

13.     On August 5, 2016, Ms. Tomiwa received a notice of her right to file a civil action from the EEOC.  Ms. Tomiwa also received a notice of her right to file a civil action from the Texas Workforce Commission on September 21, 2016.

## V.     FACTS

14.     Ms. Tomiwa began working for Pharmedium as a temporary employee on December 1, 2014, at its location in Sugar Land, Texas.

15.     From the beginning, Ms. Tomiwa was told that she would become a full-time permanent employee with Pharmedium after 120 days as a temporary employee.   Thus, Ms. Tomiwa was eligible to become a full-time permanent employee on April 1, 2015.

16.     In February 2015, Ms. Tomiwa found out she was pregnant.

17.     In March 2015, Ms. Tomiwa notified her superior, Nick Nguyen of her pregnancy.

18.     In March 2015, Ms. Tomiwa inquired to Tonya Johnson-Smallwood ("Johnson-Smallwood"), who was Defendant's Human Resources Official, about Pharmedium's maternity policy. Johnson-Smallwood stated that after being a permanent employee for six months, Ms. Tomiwa would be eligible for maternity leave under Pharmedium's short-term disability policy. Pharmedium's short-term disability policy provided full-time employees with 66.67% pay replacement for up to 26 weeks.   Johnson-Smallwood assured Ms. Tomiwa that she would become a permanent employee by April 1, 2015, so she should not worry.

19.     On or about March 25, 2015, Ms. Tomiwa received an email from Will Lawrence, Johnson-Smallwood's assistant, congratulating her on becoming an employee of Pharmedium,

and asking her to complete an online application so they could initiate the hiring process.  A true and correct copy of an email from Johnson-Smallwood's assistant is attached as Exhibit A.

20.     Based on this email and her previous conversations with Johnson-Smallwood, Ms. Tomiwa was still under the impression that she would become a permanent employee by April 1, 2015 and therefore be eligible to receive short-term disability well before her due date.

21.     When April 1, 2015 came and went, Ms. Tomiwa inquired again about her conversion to permanent employment.  Johnson-Smallwood said she was working on it.

22.     Finally, in a letter dated April 9, 2015, Pharmedium offered Ms. Tomiwa a permanent full-time position as a Pharmacy Technician effective May 26, 2015. This meant Ms. Tomiwa would not be eligible to receive short-term disability until November 26, 2015, after her due date.

23.     Pharmedium provided no explanation as to why Ms. Tomiwa's effective date to become a full-time permanent employee was delayed almost two months.

24.     Ms. Tomiwa, her husband, and her son became covered under the medical and dental insurance provided through Pharmedium effective June 1, 2015.

25.     On September 15, 2015, Ms. Tomiwa was admitted to the hospital for urgent surgery related to pregnancy complications. She used one week of her paid time off to have the surgery and recover.

26.     On or about September 29, 2015, Ms. Tomiwa was again admitted to the hospital for a second urgent surgery to address the same pregnancy related complications.  Ms. Tomiwa used her remaining paid time off to take a week off to recuperate from the surgery.

27.     Because she now knew her pregnancy was "high-risk" and it was very likely she

would need to miss additional work due to pregnancy related complications, Ms. Tomiwa asked Johnson-Smallwood if Pharmedium would accommodate her should she need additional time off.  Johnson-Smallwood told Ms. Tomiwa that she would be terminated if she took any more time off work, but that Ms. Tomiwa could return to work after the baby was born.

28.     On October 7, 2015, Ms. Tomiwa's doctor put her on bed rest until she could safely deliver at 36 weeks- which was only 2 weeks away.  Ms. Tomiwa provided a copy of her doctor's order to Johnson-Smallwood on October 8, 2015.   A true and correct copy of the doctor's order is attached as Exhibit B.

29.     Ms. Tomiwa requested that she be allowed to take two weeks of unpaid leave while she was on bed rest.  Johnson-Smallwood refused to discuss any sort of accommodation and terminated Ms. Tomiwa that day.

30.     The medical and dental insurance Ms. Tomiwa and her family were receiving through her employment with Pharmedium were also terminated as of October 8, 2015.

31.     In an effort to cover up what she had done, Johnson-Smallwood initially claimed that Ms. Tomiwa had resigned.   On the Status Sheet terminating Ms. Tomiwa, Johnson-Smallwood wrote, "***Resigned*** placed on bed rest not eligible to STD/FMLA."  A true and correct copy of the original Status Sheet terminating Ms. Tomiwa is attached as Exhibit C.

32.     On October 16, 2015, Ms. Tomiwa filed a charge of discrimination with the EEOC against Pharmedium.

33.     After receiving Ms. Tomiwa's charge of discrimination from the EEOC, Johnson-Smallwood went back and corrected Ms. Tomiwa's Termination Status Sheet.  She scratched out "Resigned" and wrote, "Terminated-written in error 10/27/15."   A true and correct copy of the

altered Status Sheet terminating Ms. Tomiwa is attached as Exhibit D.

34.     On December 11, 2015, Johnson-Smallwood sent Ms. Tomiwa a letter offering Ms. Tomiwa her job back.   In this letter, Johnson-Smallwood acknowledged Ms. Tomiwa's EEOC charge against Pharmedium but disputed the allegations.   Johnson-Smallwood went on to "assure" Ms. Tomiwa that if she returned she would "enjoy a professional, respectful work environment" and would "not be subject to any unlawful retaliation."

35.     Based on Defendant's prior conduct, Ms. Tomiwa did not believe she would be treated any better than before and decided not to go back to work for Defendant.

36.     Upon Ms. Tomiwa's termination, Defendant failed to provide Ms. Tomiwa and her family members with timely notice of their right to elect continuation coverage.

37.     On June 20, 2016, over eight months after they terminated her, Defendant sent a letter to Ms. Tomiwa offering her COBRA coverage. A true and correct copy of Defendant's late and deficient letter to Ms. Tomiwa is attached as Exhibit E.

## VI.    CAUSES OF ACTION

**A.    <u>Sex and Pregnancy Discrimination in Violation of Title VII</u>**

38.     Plaintiff incorporates the preceding paragraphs.

39.     Title VII of the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 protects employees from discrimination based on sex and pregnancy, childbirth, or related medical conditions. 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e(k).

40.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her pregnancy and because of her sex within the meaning of the statute.

41.     Defendant, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a).  The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her pregnancy and sex.

42.     Defendant, by and through Defendant's agents, delayed the conversion of Plaintiff to full-time permanent employment status so that she would not be eligible for short-term disability and ultimately terminated Plaintiff because of her pregnancy and sex.

43.     Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of pregnancy and sex with malice or with reckless indifference to the protected rights of Plaintiff.

44.     Defendant, by and through its agents, intentionally deprived Plaintiff of an equal employment opportunity that was provided to male employees or non-pregnant employees similarly situated in violation of Title VII.

**B.      Disability Discrimination in Violation of 42 U.S.C. §12112**

45.     Plaintiff incorporates the foregoing paragraphs.

46.     The Americans with Disabilities Act protects employees from discrimination based on disability. 42 U.S.C. § 12112.

47.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her pregnancy-related disability.

48.     Defendant, by and through Defendant's agents, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in

violation of 42 U.S.C. § 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee.

49.     Plaintiff's pregnancy-related disability, was a physical impairment that substantially limited one or more major life activity.

50.     Defendant was aware of Plaintiff's pregnancy-related disability.

51.     Plaintiff's pregnancy-related disability was a factor that made a difference in Defendant's decisions not to provide an accommodation and to terminate her employment.

52.     Defendant failed to engage in the interactive process or to make a reasonable accommodation for Plaintiff, namely two weeks of unpaid leave, after she requested an accommodation. Instead, Defendant terminated Plaintiff.

53.     Plaintiff alleges that Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of her pregnancy-related disability with malice or with reckless indifference to the protected rights of Plaintiff.

**C.     COBRA Violations Pursuant to 29 U.S.C. § 1166(a) & C.F.R. § 2590.606-4**

54.     Plaintiff incorporates the foregoing.

55.     The COBRA amendments to ERISA included certain provisions relating to the continuation of health coverage upon termination of employment or another qualifying event as defined by statute.

56.     COBRA provides that the plan sponsor "shall provide ... each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event" the option to "elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

57.     Under COBRA, a qualified beneficiary includes the covered employee's spouse

or dependent child, who was a beneficiary under "the plan" on the day before the termination. 29 U.S.C. § 1167. This also includes a child born to the covered employee during the continuation coverage period. 29 U.S.C. § 1167.

58.    COBRA further requires the administrator to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a).

59.    The statute provides that an employer must report a qualifying event, which includes termination, to the administrator within 30 days of a qualifying event. 29 U.S.C. § 1166(a)(2); 29 U.S.C. § 1163(2). The administrator then has 14 days within the time of receiving notification from the employer to provide notice to the qualified beneficiary. 29 U.S.C. § 1166(c).

60.    If the employer is the administrator, the employer must provide notice within 44 days after "the date of loss of coverage,  the date on which a qualified beneficiary loses coverage under the plan due to the qualifying event," or the occurrence of the qualifying event. 29 C.F.R. 2590.606-4(b).

61.    Plaintiffs were qualified beneficiaries under the group health plan and thus had the option to elect continuation coverage upon Ms. Tomiwa's termination. 29 U.S.C. § 1167(1) & (3).

62.    Defendant, was the plan sponsor and the administrator of the group health plan at all relevant times to this action. 29 U.S.C. §   1002(16). As the plan sponsor and administrator, Defendant was subject to the continuation of coverage and notice requirements of COBRA.

63.    However, Defendant failed to provide Plaintiffs with timely notice of their rights

under COBRA.

64.     Defendant attempted to provide late notice of Ms. Tomiwa's COBRA rights on June 20, 2016. However, Defendant's notice was deficient as it failed to comply with the notice requirements pursuant to 29 C.F.R. 2590.606-4(4). Specifically, Defendant failed to provide:

> (i) the name of the plan under which continuation coverage would be available, the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits;
> (iii) …the date under which coverage under the plan has terminated unless continuation coverage is elected;
> (iv) a statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee…may elect continuation coverage on behalf of all other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;
> (vi) an explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;
> (vii) a description of the continuation coverage that will be made available under the plan, if elected…either by providing a description of the coverage or by reference to the plan's summary plan description;
> (xiii) an explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and
> (xiv) statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete

11

information regarding such rights is available in the plan's
summary plan description or from the plan administrator.

29 C.F.R. 2590.606-4(4).

## VII.    RESPONDEAT SUPERIOR AND RATIFICATION

65.     Whenever in this complaint it is alleged that the Defendant, Pharmedium, did any

act or thing, it is meant that the Defendant's officers, agents, servants, employees or

representatives did such act and/or that at that time such act was done, it was done with the full

authorization or ratification of the Defendant or was done in the normal and routine course and

scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## VIII.   DAMAGES

66.     Plaintiffs sustained the following damages as a result of the actions and/or

omissions of Defendant described hereinabove:

> a..     Back pay from the date that Ms. Tomiwa was terminated and
>         interest on the back pay in an amount to compensate Plaintiff as
>         the Court deems equitable and just;
>
> b.      Front pay in an amount the Court deems equitable and just to make
>         Ms. Tomiwa whole;
>
> c.      Loss of benefits;
>
> d.      Emotional pain;
>
> e.      Inconvenience;
>
> f.      Statutory penalties of $110 per day per Plaintiff for each day
>         Defendant has not provided the required notice under COBRA;

g.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiffs and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

h.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

i.     All reasonable and necessary costs incurred in pursuit of this suit;

j.     All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiffs;

k.     Expert fees as the Court deems appropriate; and

l.     Prejudgment interest.

67.     Ms. Tomiwa would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of Ms. Tomiwa.  In order to punish Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## IX.    JURY DEMAND

68.     Plaintiffs request a trial by jury on all issues triable to a jury.

## X.    PRAYER

WHEREFORE, premises considered, Plaintiffs pray that the Defendant be cited to appear

13

and answer herein, and that upon a final trial, judgment be entered for the Plaintiffs against Defendant for:

    a.    All damages to which Plaintiffs may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, front pay, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

    b.    Compensatory damages for pain and mental suffering in the past and future;

    c.    Punitive damages in an amount above the minimum jurisdictional limit of the Court;

    d.    Reasonable medical care and expenses incurred;

    e.    Statutory penalties of $110 per day per qualified beneficiary for each day Defendant has not provided the required notice under COBRA;

    f.    Reasonable attorney's fees, with conditional awards in the event of appeal;

    g.    Pre-judgment interest at the highest rate permitted by law;

    h.    Post-judgment interest from the judgment until paid at the highest rate permitted by law;

    i.    Costs of court and expert witness fees incurred by Plaintiffs in the preparation and prosecution of this action; and

    j.    Such other and further relief, at law or in equity, to which Plaintiffs may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

By:  */s/Sara Richey*  _____

                **Sara Richey**
                Attorney-in-Charge
                Federal Bar No: 1147425
                Booth Richey, LLP
                3801 Kirby Dr., Suite 344
                Houston, TX 77098
                Tel. (713) 333-0377
                Fax. (713) 333-5299
                srichey@boothricheylaw.com

                **Attorney for Plaintiffs Shakira O. Tomiwa,**
                **Olufunmilola Tomiwa, L. Tomiwa, and**
                **H. Tomiwa**